**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2766-22

WILLIAM COBURN,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

Submitted April 30, 2024 – Decided May 14, 2024

Before Judges Paganelli and Augostini.

On appeal from the New Jersey State Parole Board.

William Coburn, appellant pro se.

Matthew J. Platkin, Attorney General, attorney for respondent (Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, Deputy Attorney General, on the brief).

PER CURIAM

William Coburn, currently an inmate Northern State Prison, challenges an April 26, 2023 final agency decision by the New Jersey State Parole Board (Board) denying him parole and imposing an eighteen-month future eligibility term (FET).  We affirm.

In March 1985, Coburn was convicted by a jury of the following:  first-degree murder, N.J.S.A. 2C:11-3; second-degree possession of a weapon for unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b); possession of a controlled dangerous substance (CDS) with intent to distribute, N.J.S.A. 24:21-19(a)(1) (repealed by L. 1987, c. 106, § 25); and possession of marijuana, N.J.S.A. 24:21-20(a)(4) (repealed by L. 1987, c. 106, § 25).  In July 1985, Coburn was sentenced to an aggregate term of life imprisonment with a mandatory minimum of thirty years for the murder conviction, nine months for the unlawful possession of a weapon charge, and six years for the possession of CDS with intent to distribute to run concurrently with the life sentence.[1]

Coburn became eligible for parole on the first-degree murder offense in November 2014.  Defendant received an initial parole hearing in December

---

[1]  The judge merged the second-degree possession of a weapon for unlawful purpose conviction into the murder conviction and the possession of marijuana conviction into the possession of CDS with intent to distribute conviction.

2022, after becoming parole eligible for the fifth time. After a hearing in January 2023, a two-member Board panel denied parole and established an eighteen-month FET. In finding there was a substantial likelihood Coburn would violate conditions of his parole if released, the panel cited: the facts and circumstances of the offense; prior opportunity on probation failed to deter criminal behavior; commission of institutional disciplinary infractions which were serious in nature and which resulted in loss of commutation time, with the most recent infraction occurring in December 2015; insufficient problem resolution, specifically, lack of insight into criminal behavior and minimization of conduct, as demonstrated by panel interview and documentation in the case file; and the results of an objective risk assessment indicating a "moderate" risk of recidivism.

The panel also acknowledged the following mitigating factors: minimal prior record; all opportunities on community supervision committed without violation; infraction free since last panel hearing; participation in institutional programs; participation in program(s) specific to behavior; institutional reports reflect favorable institutional adjustment; minimum custody status achieved/ maintained; and correspondence in support of parole.

3

Coburn appealed to the full Board from the two-member Board panel's decision. On April 26, 2022, the full Board affirmed the two-member panel's decision to deny parole and impose an eighteen-month FET. In its comprehensive written opinion, the Board addressed each of Coburn's contentions and concluded it "concur[red] with the determination of the Board panel that a preponderance of the evidence indicate[d] that there is substantial likelihood that [Coburn] would commit a crime if released on parole at this time."

On appeal, Coburn argues "three essential points" to support his assertion the Board erred in denying parole: first, the Board "incorrectly equate[d] a 'status offense' . . . with criminality"; second, the Board failed in not relying on "new information"; and third, the Board utilized an incorrect standard to deny him parole.

Our review of final decisions of the Board is limited. Malacow v. N.J. Dep't of Corr., 457 N.J. Super. 87, 93 (App. Div. 2018) (citing Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 9 (2009)). The Board's parole determinations are entitled to deferential review given its expertise in rendering "'highly individualized' appraisal[s]" of an inmate's future behavior. Acoli v. N.J. State Parole Bd., 250 N.J. 431, 454 (2022) (quoting Trantino v.

N.J. State Parole Bd. (Trantino VI), 166 N.J. 113, 173 (2001)) (internal quotation marks omitted). The Board's decision, as with other final agency decisions, will not be overturned unless it is "arbitrary, capricious or unreasonable or it is not supported by substantial credible evidence in the record as a whole." Henry v. Rahway State Prison, 81 N.J. 571, 579-80 (1980) (citing Campbell v. Dep't of Civ. Serv., 39 N.J. 556, 562 (1963)). The Board's decision is entitled to a presumption of validity and reasonableness. In re Vey, 272 N.J. Super. 199, 205 (App. Div. 1993). The burden of overcoming this presumption falls on the inmate to demonstrate the Board's actions were unreasonable. Bowden v. Bayside State Prison, 268 N.J. Super. 301, 304-05 (App. Div. 1993).

At the time of Coburn's offenses, N.J.S.A. 30:4-123.53(a) provided the Board should generally grant parole to an inmate on their parole date unless it can be shown by "a preponderance of the evidence . . . there is a substantial likelihood that the inmate will commit a crime under the laws of this State if released on parole at such time." Perry v. N.J. State Parole Bd., 459 N.J. Super. 186, 194 (App. Div. 2019) (internal quotation marks omitted) (quoting Williams v. N.J. State Parole Bd., 336 N.J. Super. 1, 7 (App. Div. 2000)).[2] In making its

_____

[2] The 1997 amendment to N.J.S.A. 30:4-123.53(a) regarding parole eligibility states that an inmate shall be released on parole "unless information supplied in

parole decision, the Board must consider the factors set forth in N.J.A.C. 10A:71-3.11(b)(1) to (24). In considering this non-exhaustive list of factors, the Board's "prediction as to future conduct and its opinion as to compatibility with the public welfare [must] be grounded on due consideration of the aggregate of all of the factors which may have any pertinence." Beckworth v. N.J. State Parole Bd., 62 N.J. 348, 360 (1973).

In evaluating whether Coburn should be released on parole, the Board considered several aggravating and mitigating factors. The Board reviewed Coburn's entire record in rendering its decision, which contained a juvenile truancy adjudication for which he received probation. The Board rejected Coburn's contention that it was not permitted to consider this adjudication given the passage of time. However, there is no evidence that the Board gave undue weight to this prior adjudication or that it was a significant factor in the Board's decision to deny parole.

---

the report filed . . . or developed or produced at a hearing . . . indicates by a preponderance of the evidence that the inmate has failed to cooperate in his or her own rehabilitation or that there is a reasonable expectation that the inmate will violate conditions of parole imposed . . . if released on parole at the time." However, because Coburn committed his crimes prior to the amendment, the pre-1997 version of N.J.S.A. 30:4-123.53(a) applies to his case.

A-2766-22

The Board properly rejected Coburn's contention that it was limited to considering only "new information" since the last parole determination. Trantino v. N.J. State Parole Bd. (Trantino V), 331 N.J. Super. 577, 610-11 (App. Div. 2000) (Board's consideration of all relevant information does not violate ex post facto clause). Coburn argues that the Third Circuit Court of Appeals in Holmes v. Christie, 14 F.4th 250, 255 (3d Cir. 2021) overturned the holding in Trantino V, which provided "that application of the 1997 amendments to N.J.S.A. 30:4-123.56c . . . [does] not violate the ex post facto clause since this change in the law is a procedural modification that does not constitute a substantive change in the parole release criteria." Trantino V, 331 N.J. Super. at 610 (citing State v. Muhammad, 145 N.J. 23, 56-57 (1996)); Cal. Dep't of Corr. v. Morales, 514 U.S. 499, (1995). However, Holmes did not overrule Trantino V. Rather, the Third Circuit reinstated Holmes' ex post facto claim, permitting his claim to proceed and "remand[ing] for discovery to determine whether the retroactive application of the 1997 [a]mendments [specific] to Holmes 'create[d] a significant risk of prolonging [his] incarceration.'" Holmes, 14 F.4th at 268 (fourth and fifth alterations in original) (quoting Garner v. Jones, 529 N.J. 244, 251 (2000)).

Based upon Coburn's responses to questions posed by the Board at the hearing and the documentation in the file, the Board determined Coburn exhibited insufficient problem resolution, specifically, that he "lack[ed] insight into [his] criminal behavior, and that [he] minimize[d] [his] conduct." The Board further noted that "while [Coburn] acknowledge[d] the serious consequences of [his] criminal activity . . . it represent[ed] only an initial effort at rehabilitation."

In response to his failure to comply with the prior Board panel's suggestion that Coburn participate in "Focus on the Victim" and "Thinking for a Change" programs, Coburn advised the Board that the Focus on the Victim program was unavailable at the prison. Contrary to Coburn's assertion, the Board confirmed during the parole hearing that this program was in fact available to inmates at Northern State Prison.

Thus, the Board considered the appropriate factors in rendering its parole decision and applied the correct legal standards. Moreover, there is sufficient evidence in the record supporting the Board's denial of parole. We are persuaded that the Board's decision was not arbitrary or capricious and we affirm substantially for reasons given by the Board in its thorough written decision.

A-2766-22

Any remaining arguments advanced by Coburn lack sufficient merit to warrant discussion in a written opinion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2766-22